CITIZENS' STATE BANK *v.* WEBSTER-CHOCTAW DRAINAGE DIST.*

(Division B. April 15, 1929.)

[121 So. 826. No. 27864.]

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 349, p. 51, n. 67.

*Mitchell & Clayton,* for appellant.

*Will E. Ward* and *A. J. McIntyre,* for appellee.

GRIFFITH, J. Conceding, but not deciding, that the deposit made by or at the instance of the principal contractor in the Citizens' State Bank of Tupelo was of public money belonging to the Webster-Choctaw Drainage District and was not private funds, the said bank was not a public depository of said drainage district. So far as the record shows, it had never been, nor had it ever pretended to be such a depository either of the drainage district or of any of the counties or divisions thereof in the territory of the district. The relation of the bank to this money was therefore that of an ordinary commercial bank of deposit, in so far as concerns the matter of interest payable thereon.

In order that interest may be recovered on a deposit in bank, it must be so provided either by contract or by statute. There is no sort of claim here that there was any contract for the payment of interest; and upon the other point we know of but one statute imposing a liability for interest, of the character herein demanded, on a nondepository bank. This statute is chapter 174, Laws 1922 (section 4567, Hemingway's 1927 Code), which deals with tax collections and tax collectors, and with nothing else. Plainly, the deposit in question was not by or for a tax collector, and it was not a tax collection. Counsel have pointed to no statute which covers a case like this, and upon our own search, we have failed to find any such statute.

It follows that the bank is not liable for interest. The decree in that respect will be reversed, but in all other respects it will stand as rendered.

*Reversed, and decree here.*